54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Victoria Velon BUTLER, Defendant-Appellant.
 No. 94-5179.
(D.C. No. 94-CR-65-1-B)
 United States Court of Appeals, Tenth Circuit.
 May 10, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Defendant Victoria Velon Butler appeals her conviction for misapplication of funds from a financial institution, 18 U.S.C. 656, contending the district court improperly admitted evidence of uncharged acts in violation of Fed.R.Evid. 404(b). We exercise jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 2
 The government indicted Defendant for misapplying to her own use $2000.00 from American State Bank, where she was employed as a bank teller, in violation of 18 U.S.C. 656. Pursuant to Fed.R.Evid. 404(b) and prior to trial, the government filed a "Notice of Intent to Offer Evidence of Uncharged Acts" regarding a failed attempt by Defendant to steal an additional $8000.00 from her employer on the same day she misapplied the $2000.00 charged in the indictment. The district court conducted a pre-trial hearing on July 19 and 21, 1994, and inquired into the purpose for which the government offered the evidence of the uncharged acts. The government argued that evidence of the uncharged acts established Defendant's common scheme or plan to steal money from her employer on the day in question, and that her misapplication of the $2000.00 charged in the indictment was not a mistake or accident. Pursuant to Fed.R.Evid. 403, the district court determined that the probative value of the uncharged acts evidence was not substantially outweighed by its potential for unfair prejudice. Over Defendant's objection, the district court ruled that evidence of the uncharged acts was admissible under Fed.R.Evid. 404(b).
 
 
 3
 After the government introduced evidence at trial regarding the uncharged acts, the district court instructed the jury that it could consider the uncharged acts evidence to determine Defendant's state of mind, intent, or motive only if it first found beyond a reasonable doubt that Defendant committed the acts charged in the indictment. The district court delivered a similar instruction to the jury at the close of the case. The jury convicted Defendant of violating 18 U.S.C. 656, and the district court sentenced Defendant to three-months imprisonment and three-years supervised release. This appeal followed.
 
 
 4
 On appeal, Defendant argues the district court improperly admitted evidence of uncharged acts in violation of Fed.R.Evid. 404(b).[3] We review the district court's decision to admit evidence under Fed.R.Evid. 404(b) for an abuse of discretion. United States v. Grissom, 44 F.3d 1507, 1513 (10th Cir.), cert. denied, 63 U.S.L.W. 3754 (1995). Admission of uncharged acts evidence under Rule 404(b)[4] does not improperly prejudice a defendant if four requirements are met: "(1) the government offered the evidence for a proper purpose; (2) the evidence was relevant; (3) the trial court made a Fed.R.Evid. 403 determination that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court submitted a limiting instruction." Id.; see also Huddleston v. United States, 485 U.S. 681, 691-92 (1988).
 
 
 5
 The district court determined on the record in the instant case that: (1) the government offered the uncharged acts evidence for a proper purpose; (2) the evidence was relevant; and (3) the potential for unfair prejudice did not substantially outweigh the probative value of the evidence. The district court further ensured that the uncharged acts evidence did not unfairly prejudice Defendant by delivered two limiting instructions to the jury. Because the district court satisfied the requirements for admission of evidence of uncharged acts under Fed.R.Evid. 404(b), see Grissom, 44 F.3d at 1513, we conclude the district court did not abuse its discretion.
 
 
 6
 AFFIRMED.
 
 
 7
 Fed.R.Evid. 404(b).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Defendant's counsel filed an Anders brief contending that his conscientious review of the record and legal research led him to conclude that this appeal was wholly frivolous. Thus, Defendant's counsel requests leave of this court to withdraw from representation of Petitioner. See Anders v. California, 386 U.S. 738, 744 (1967). Nonetheless, we must examine the record to determine if the appeal is in fact frivolous. See id. After our review of the record, we commend Defendant's counsel for his forthrightness. Accordingly, we grant counsel's request to withdraw from representation of Defendant, and relieve him of any further responsibility of representation in this matter
 
 
 [4]
 Rule 404(b) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial.